[No. 10546. Department One. January 22, 1913.]

M. J. SHEERAN, *Respondent*, v. FORD GRAIN COMPANY, *Appellant*.[1]

BROKERS—CONTRACT FOR COMMISSIONS—PERFORMANCE—VIOLATION OF INSTRUCTIONS. A broker authorized to purchase wheat at 75 cents per bushel net at warehouse, which gave the purchaser control of the shipping, did not perform his contract, where he purchased it at 78 cents, f. o. b., which gave the seller control of the shipping; especially where he reported the sales at "75 cents net to the farmer," when the warehouse charges were only 1½ cents; and where he purchased certain wheat on his own responsibility at a price three cents per bushel in excess of the authorized price.

SAME—ACTIONS FOR COMMISSIONS—OFFSET OF DAMAGES BY VIOLATION OF INSTRUCTIONS. In such a case, where the broker was instructed to return and get the price reduced according to instructions, which he was unable to do, whereupon the purchaser secured a cancellation of the contracts and accepted the wheat at 77 cents,

[1]Reported in 129 Pac. 378.

f. o. b., the same was in the nature of a compromise, and in an action by the broker for commissions, the purchaser is entitled to offset its damages by reason of the excess price paid and its expenses.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered February 19, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Modified.

*Tolman & King*, for appellant.

*Canton & Hensel*, for respondent.

GOSE, J.—This is an action to recover an alleged stipulated commission on wheat purchased by the plaintiff for the defendant during the grain season of 1911. The court found that, in August, 1911, the plaintiff purchased 7,000 bushels of wheat for the defendant at an agreed compensation of $15, and that on the 9th day of September following, he purchased 53,500 bushels of wheat for it at an agreed commission of one cent a bushel, and a judgment was entered in favor of the plaintiff for $550. The defendant prosecutes an appeal. There is no controversy over the August purchase.

The respondent testified that he was instructed to purchase No. 1 blue stem wheat upon warehouse receipts, at seventy-five cents per bushel net; that he purchased 28,500 bushels of that kind and grade of wheat from the Waterville Union Grain Company at seventy-eight cents a bushel f. o. b.; that he obligated the appellant to purchase from it 22,000 bushels of the same kind of wheat at the same price; and that he purchased from it 3,000 bushels of Jones' Fife at seventy-five cents per bushel f. o. b. He further testified that he reported the purchases by telephone "at seventy-five c. net to the farmer;" that he did not report that he had paid seventy-eight cents f. o. b., and that he purchased the 3,000 bushels of Jones' Fife without instructions and upon

his own responsibility. The testimony shows that the warehouse charges on wheat at the place of purchase were one and one-half cents a bushel up to January 1, and that the remaining one and one-half cents was the "working margin" of the warehouse company in excess of its handling charges.

A few days after the respondent had made these purchases, he went to the Spokane office of the appellant, submitted his written confirmations, and the appellant told him that it would not accept the wheat at those prices, and directed him to return and get the price reduced to the level of his authorization. The respondent was unsuccessful in his efforts to get a reduction. He made the purchases on the 9th day of September, and on the 15th the appellant, through one of its salaried employees, secured a cancellation of the contracts and accepted the wheat at seventy-seven cents f. o. b. for the blue stem and seventy-four cents f. o. b. for the Fife.

The respondent neither purchased the wheat nor reported it according to his instructions. He first advised by telephone that he could get the wheat at seventy-five cents per bushel net to the farmer, and later reported that he had so purchased it. That spirit of candor and fairness which the law exacts of an agent imperatively required him to observe his instructions and report the truth. His method of avoidance was both unfair and misleading. He seeks to justify his conduct by saying that the appellant knew the warehouse charges. This may be true, but the straight charges were only one and one-half cents a bushel. It was the respondent's duty to report the facts as they actually were, and this he did not do. He was instructed to buy upon warehouse receipts so that the appellant could direct the time of shipment. He purchased of the warehouseman without a warehouse receipt, thus giving the seller the control of the shipping. Moreover, he paid seventy-five cents a bushel for the Fife, a price, according to the testimony, three cents in excess of its value.

The appellant treats the cancellation of the old contracts and the execution of the new contracts as a purchase. But we regard it more in the nature of an adjustment or a compromise. The appellant is entitled to offset its damage as against the respondent's commission. Its damages are, expense of settlement, $50; two cents a bushel on 3,000 bushels of Fife, $60; one-half a cent a bushel on 50,500 bushels of blue stem, $252.50, making in the aggregate $362.50. The respondent is entitled to a commission of one cent a bushel on 50,500 bushels of blue stem, or $505; commission on the August purchase, $15; total, $520, less the appellant's damages, $362.50; leaving a balance of $157.50. He bought the Fife wheat on his own responsibility, and is not entitled to any commission.

The case will be remanded, with directions to enter a judgment for the respondent for $157.50. The appellant will recover costs of the appeal.

CROW, C. J., CHADWICK, PARKER, and MOUNT, JJ., concur.