[No. 11649. Department Two. February 11, 1914.]

ARTHUR V. NEELY et al., *Appellants*, v. THE CITY OF TACOMA et al., *Respondents*.[1]

MUNICIPAL CORPORATIONS—EMPLOYEES—HOURS OF SERVICE—FIRE-MEN—"LABORER." Members of a city fire department, paid monthly salaries, are not "laborers upon public works" within Rem. & Bal. Code, § 6575, fixing an eight-hour day for laborers upon public works done by "contract or day labor done."

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 10, 1913, upon findings in favor of the defendants, in an action for an injunction. Affirmed.

*Gordon & Easterday* and *Bone & Wright*, for appellants.

*T. L. Stiles* and *Frank M. Carnahan*, for respondents.

CROW, C. J.—This action was instituted by Arthur V. Neely, and others, members of the fire department of the city of Tacoma, to enjoin the city, its commissioner of public safety and the chief of the fire department, from requiring

[1]Reported in 138 Pac. 557.

plaintiffs to work and labor as members of the fire department more than eight hours in any one calendar day. From a judgment in defendants' favor, the plaintiffs have appealed.

Appellants, in substance, allege, that they are members of the city fire department; that they are required to remain on duty twenty-one hours in each and every day; that, although paid monthly, their salaries are based upon the actual number of days they are on duty; that they receive pay only for their actual days of service, and that respondents, unless restrained, will continue to require them to work more than eight hours per day, and will thereby deprive them of all benefits of the laws of this state regulating hours of day laborers employed by municipalities.

The controlling issue is, whether appellants are laborers in contemplation of Rem. & Bal. Code, § 6575 (P. C. 291 § 117). The trial court found that they are not; that they are engaged by the month at monthly salaries, and that they are not day laborers in any sense.

Appellants attack these findings, contending that they are laborers, in contemplation of the statute above cited. In support of this position, they cite the case of *Davies v. Seattle*, 67 Wash. 532, 121 Pac. 987, in which this court held that teamsters employed upon public works of the city were laborers. The findings and judgment of the trial court must be sustained. The only question now before us was decided by this court in *Stetson v. Seattle*, 74 Wash. 606, 134 Pac. 494, where, in construing the statutes of this state relating to hours of labor, including § 6575, upon which appellants rely, we distinguished the case of *Davies v. Seattle, supra*, and said:

"This state has not legislated upon the subject of hours for men's work excepting in so far as it affects labor upon public works or work done 'by contract or day labor done.' Our laws, as they are at present written, apply only to those who work by the day and are paid by the day, or who come within the definition of contract labor upon public works."

The *Stetson* case is controlling here. The judgment is affirmed.

MOUNT, PARKER, MORRIS, and FULLERTON, JJ., concur.